IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C.H.,

    Plaintiff,

v.                                                                                              No. 21-cv-0574 MV/SMV

                                                                                             consolidated with

PATRICK HOWARD, DANA CRITCHLOW,           20-cv-0190 SMV/GBW

GREGORY A. EWING, and                                    20-cv-0276 GBW/SMV

LAS CRUCES PUBLIC SCHOOLS,                       20-cv-0549 SMV/GBW

    Defendants,

and

TEACHERS INSURANCE COMPANY,

    Plaintiff-in-Intervention,

v.

C.H. and PATRICK HOWARD,

    Defendants-in-Intervention.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND GRANTING DEFENDANT LAS CRUCES PUBLIC SCHOOLS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before me on (1) Plaintiffs' Motion to Compel Defendant Las Cruces Public Schools' ("LCPS's") Answers and Responses to Plaintiffs' First Sets of Interrogatories, Requests for Production, Requests for Admission, and Requests for Inspection (the "Motion to Compel") [Doc. 104]¹ and (2) LCPS's Motion for Protective Order and Motion to Quash

---

¹ *See* LCPS's Response [Doc. 117] and Plaintiff's Reply [Doc. 124].

Plaintiffs' Rule 30(b)(6) Subpoena (the "Motion for Protective Order"). [Doc. 107].[2] I heard oral argument on both motions on June 30, 2022.

In a supplemental paper filed before the oral argument, Plaintiffs stated that all the issues raised in the Motion to Compel had been resolved except for those pertaining to Requests for Production ("RFPs") 9, 10, 11, 16, and 17, and requested an order requiring LCPS to withdraw the objections in its initial responses to discovery. [Doc. 140]. In addition, Plaintiffs stated at oral argument that the parties had resolved the dispute related to RFP 11.

The Court has considered the briefing, the record, the relevant law, and the oral argument. For the reasons stated on the record, I will deny as moot Plaintiffs' Motion to Compel as to the requests that have been resolved and deny Plaintiffs' request for an order requiring LCPS to expressly withdraw its objections. I will grant in part and deny in part Plaintiffs' Motion to Compel responses to RFPs 9, 16, and 17 and reserve ruling on Plaintiff's Motion to Compel a response to RFP 10 pending in camera review of the requested documents. In addition, I will grant LCPS's Motion for Protective Order and quash Plaintiffs' Rule 30(B)(6) notice and subpoena without prejudice to a second amended notice.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Motion to Compel be granted in part and denied in part, as follows.

(1).   Plaintiffs' Motion to Compel is DENIED as moot to the extent it seeks to compel responses to **Interrogatories 4 and 5**, **RFPs 1–8, 11–15, 18–28**, and **Requests for Inspection 3 and 4**.

---

[2] *See* Plaintiff's Response [Doc. 110] and LCPS's Reply [Doc. 119].

(2).   Plaintiffs' request for an order requiring LCPS to expressly withdraw its objections is DENIED.

(3).   Plaintiffs' Motion to Compel a response to **RFP 9** is GRANTED to the extent RFP 9 seeks documents in LCPS's possession or control related to named defendants in cases 20-cv-0276 *T.R. v. Howard, et al.* and 21-cv-0574 *C.H. v. Howard, et al.*[3] but DENIED in all other respects.

(4).   Plaintiffs' Motion to Compel a response to **RFPs 16 and 17** is GRANTED to the extent RFPs 16 and 17 seek documents stemming from incidents involving educator-on-student sexual misconduct that occurred at Las Cruces High School from 2012 through 2018 but DENIED in all other respects. When producing responsive documents, LCPS may

(a)   redact the names and identifying information of students alleging sexual misconduct,

(b)   redact the names of educators who were the subject of an allegation or investigation unless the educator is a named defendant in the two cases that have not yet settled, and

(c)   LCPS must designate each individual addressed in (a) and (b), as well as minor witnesses, using a unique identifier, such as "Teacher A" or "Student B."

---

[3] The parties have advised the Court that they are negotiating settlement of Case Nos. 20-cv-0190 SMV/GBW *S.O. v. Howard* and 20-cv-0549 SMV/GBW *V.D. v. Howard*.

(5). LCPS must produce documents responsive to RFPs 9, 16, and 17 no later than **August 1, 2022**.

**IT IS FURTHER ORDERED** that, no later than **July 11, 2022**, LCPS must deliver to my chambers (1) hard copies of completed evaluation forms from 2015 to present for the LCPS employees listed in RFP 10 and (2) a copy of a memo related to Defendant Critchlow that is referenced in LCPS's privilege log. I will review the memo and evaluation forms to determine whether they contain information relevant to the claims or defenses in this case. I will RESERVE RULING on Plaintiffs' RFP 10 pending my review.

**IT IS FURTHER ORDERED** that, for the reasons stated at oral argument, LCPS's Motion for Protective Order [Doc. 107] is GRANTED and Plaintiffs' Rule 30(b)(6) notice and subpoena is QUASHED without prejudice.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs and attorneys' fees incurred in connection with both motions.

**IT IS SO ORDERED.**

STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE