IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C.H.,

    Plaintiff,

v.                                                          Civ. No. 21-574 GBW/JHR

PATRICK HOWARD, et al.,

    Defendants.

**<u>ORDER DENYING PLAINTIFF C.H.'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT PATRICK HOWARD FOR HIS VIOLATIONS OF PLAINTIFF'S RIGHTS TO SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AND DENYING DEFENDANT PATRICK HOWARD'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

THIS MATTER comes before the Court on Plaintiff C.H.'s Motion for Summary Judgment as to Defendant Patrick Howard for His Violations of Plaintiff's Rights to Substantive Due Process and Equal Protection Under the Law (*doc. 168*) ("Motion for Summary Judgment") and Defendant Patrick Howard's Cross-Motion for Summary Judgment (*doc. 176*). Having reviewed the Motions and their attendant briefing (*docs. 176, 191, 197*), and being otherwise fully advised, the Court will DENY Plaintiff's Motion for Summary Judgment and DENY Defendant Patrick Howard's Cross-Motion for Summary Judgment.

    **I.**     **BACKGROUND**

The Court presumes familiarity with the factual background and procedural history of Plaintiff's claims against Defendant Patrick Howard ("Howard"), which has

been included in previous orders and will not be repeated here. *See doc. 240* at 2-5. Plaintiff filed her Motion for Summary Judgment on November 18, 2022, requesting the Court to enter summary judgment against Defendant Howard as to Plaintiff's substantive due process and equal protection claims against him. *Doc. 168* at 1. On November 30, 2022, Defendant Howard filed his Response and Cross-Motion for Summary Judgment, responding to Plaintiff's Motion for Summary Judgment as to her substantive due process and equal protection claims, moving for summary judgment against Plaintiff on those claims, and also moving for summary judgment on Plaintiff's battery and intentional infliction of emotional distress claims against him. *See doc. 176* at 2. Briefing on the parties' cross-motions for summary judgment is complete, *see docs. 192, 198*, and these motions are ready for decision.

II. **UNDISPUTED MATERIAL FACTS**

Plaintiff argues the Court should find that Defendant Howard has admitted all allegations in Plaintiff's First Amended Complaint by failing to file a timely answer or other responsive pleading. *See doc. 168* at 10-13. However, the Court has since granted Defendant Howard leave to file an untimely answer to the First Amended Complaint, *see doc. 240* at 28, and he has done so, *see doc. 241*. Therefore, the Court does not deem Plaintiff's allegations undisputed by virtue of Defendant Howard's failure to file an

untimely answer and instead bases its factual findings on the parties' briefing and the record as a whole.

The Court finds the following material facts to be undisputed for purposes of the parties' cross-motions for summary judgment:

1. At all relevant times, Defendant Howard was employed by Las Cruces Public Schools ("LCPS") and acting within the course and scope of his employment with LCPS.  Plaintiff's Undisputed Material Fact ("PUMF") 1; *doc. 176* at 4.

2. During the 2016-2017 and 2017-2018 school years, Plaintiff was a minor and a female student at Las Cruces High School (LCHS), and Defendant Howard was an agricultural teacher at LCHS and a faculty advisor of the Future Farmers of America chapter of which Plaintiff was a member.  PUMFs 2, 3; *doc. 176* at 4.

3. During the 2016-2017 and 2017-2018 school years, Defendant Howard gave Plaintiff full frontal hugs, massaged her shoulders, and touched her low back without her consent.  PUMF 6; *doc. 176* at 6 (disputing PUMF 6 generally but failing to specifically controvert these facts); Defendant's Undisputed Material Fact ("DUMF") D (admitting that Defendant Howard massaged Plaintiff's shoulders).

4. During the relevant time period, Defendant Howard complimented Plaintiff on her physical appearance multiple times.  For instance, he greeted her by saying

3

"hello beautiful."  PUMF 8; *doc. 176* at 7.[1]  On other occasions, he would comment on Plaintiff's physical appearance, for instance, by saying "hey, you look really nice today."  *Id.*

5. During the relevant time period, Defendant Howard repeatedly and without Plaintiff's consent gave her "close" and "tight" frontal hugs that caused her breasts to be pressed against his body.  PUMFs 9-10; *doc. 176* at 6-7.

6. In December 2017, Defendant Howard slapped Plaintiff on the back of her leg, just underneath her buttocks, as she was leaving his classroom.  *Doc. 168-2* at 14:17-20; *doc. 168-5* at 54:07-14; *doc. 168-6* at 26:22-24, 30:22-23, 49:21-50:01.

7. Defendant Howard testified that it was not appropriate for him to have touched Plaintiff's thigh below her buttocks.  *See* PUMF 15; *doc. 168-5* at 132:23-25.

8. Defendant Howard testified that he is sexually attracted to the female body shape.[2]  PUMF 7; *doc. 176* at 7.

---

[1] Defendant Howard's contention that a fact is "immaterial" is insufficient to create a genuine dispute about that fact.  *See* D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").  Therefore, for this and certain others of the Court's factual findings, the Court has found undisputed those facts which Defendant Howard asserts are "immaterial" without offering any other basis for finding them disputed.

[2] Defendant Howard contends that the fact that Defendant Howard is attracted to women "has no bearing on whether he touched his female students for sexual gratification."  *Doc. 176* at 7.  The Court disagrees on the basis that Defendant Howard's sexual predilections are relevant to the question of whether he engaged in particular conduct for purposes of sexual gratification.

9. At a deposition held on January 14, 2022, Defendant Howard testified that he did not touch Plaintiff "for sexual gratification." *Doc. 168-5* at 55:21-25, *doc. 176* at 26, 153:02-10.

10. At a deposition held on January 14, 2022, Defendant Howard testified that he "[doesn't] know" why he undertook the challenged conduct and that his misconduct "was just a reaction that I did." *Doc. 176* at 26, 153:02-10.

### III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if

under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).

In applying this standard, the Court must draw all "reasonable inferences" in the light most favorable to the non-moving party. *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998). Summary judgment is appropriate only "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

## IV. ANALYSIS

The Court previously dismissed Plaintiff's substantive due process, battery, and intentional infliction of emotional distress claims against Defendant Howard, *see doc. 240* at 28, so Defendant Howard's Cross-Motion for Summary Judgment is moot as to these three claims. The sole claim remaining against Defendant Howard in this case following the Court's Order Granting Defendant Patrick Howard's Opposed Motion for Leave to File an Answer to Plaintiff's First Amended Complaint, Denying Plaintiff's Motion for Judgment on the Pleadings as to Defendant Howard, and Granting

Defendant Patrick Howard's Cross-Motion for Judgment on the Pleadings (*doc. 240*) is Plaintiff's claim based on a violation of her right to equal protection guaranteed by the Fourteenth Amendment.  *See id.*; *doc. 62* ¶¶ 245-55.

Because Plaintiff brings her equal protection claim under 42 U.S.C. § 1983, Plaintiff must show: (1) that Defendant Howard violated her rights guaranteed by the Constitution or federal law and (2) that he committed the violation of her rights under color of state law.  42 U.S.C. § 1983; *Chavez v. Bd. of Cnty Comm'rs of Sierra Cnty*, 899 F. Supp. 2d 1163, 1177 (D.N.M. 2012).  It is undisputed that Defendant Howard was acting under color of state law at all relevant times, *see* UMF 1, so the Court's analysis is focused on whether Defendant Howard violated Plaintiff's right to equal protection.  For the reasons explained below, the Court finds that summary judgment on Plaintiff's equal protection claim is inappropriate due to the existence of a genuine dispute concerning whether Defendant Howard acted for purposes of his own sexual gratification.

The Fourteenth Amendment provides that "[n]o [s]tate shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  A denial of equal protection of the laws under color of state law is actionable under 42 U.S.C. § 1983.  *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008).  It is well established in the Tenth Circuit that a state actor who

7

commits sexual harassment violates the equal protection clause. *Shepherd v. Robbins*, 55 F.4th 810, 817 (10th Cir. 2022) (citing *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989)). Additionally, the Tenth Circuit has recognized that the cause of action under the equal protection clause for sexual harassment by a state actor encompasses sexual harassment in the teacher/student context. *Sh.A. ex rel. J.A. v. Tucumcari Mun. Sch.*, 321 F.3d 1285, 1289 (10th Cir. 2003). To establish that a state actor's conduct constituted sexual harassment under the equal protection clause, a plaintiff must show that the state actor abused his governmental authority for purposes of his own sexual gratification. *Shepherd*, 55 F.4th at 817.

Here, the parties dispute whether Defendant Howard touched Plaintiff for purposes of sexual gratification. Plaintiff argues it is undisputed that Defendant Howard touched Plaintiff for his own sexual gratification based on "the well-pleaded allegations in Plaintiff's First Amended Complaint . . . and [Defendant Howard's] under-oath admission that he gave C.H. repeated full frontal hugs in [the] 2016-2017 and 2017-2018 [school years] so he could feel her breasts pressed against him." *Doc. 168* at 16. In response, Defendant Howard argues it is undisputed that he did not touch Plaintiff for his sexual gratification based on his deposition testimony in which he denied obtaining sexual gratification from touching Plaintiff and other underage female students at LCHS. *See* DUMF F.

8

Having reviewed the evidence cited by the parties, the Court finds that a rational factfinder could find for either Plaintiff or Defendant Howard on the issue of whether Defendant's touching of Plaintiff was done for his own sexual gratification. As Plaintiff admits, *see doc. 168* at 16, the transcript and audio recording of Defendant Howard's May 27, 2021, plea disposition hearing at which he pled guilty to one charge of battery for slapping C.H. on the back of her leg under her buttocks provide no evidence that Defendant Howard admitted to having slapped C.H. for sexual gratification as part of his plea, *doc. 168-2* at 13:24-15:01. Instead, Plaintiff argues that it can be established that Defendant Howard touched Plaintiff for his sexual gratification because he gave Plaintiff "close frontal hugs . . . with the intent to feel her breasts pressed against him," *see doc. 168* at 16; PUMFs 9-10, but the evidence she cites merely shows that Defendant Howard admitted to giving Plaintiff frontal hugs, and that the hugs caused her breasts to be pushed against his body. Plaintiff does not cite any evidence that would lend direct support to her contentions concerning Defendant Howard's intent for the hugs. *See* PUMFs 9-10.

However, the Court does not find that Defendant Howard's deposition testimony is sufficient to establish as a matter of law that he did not touch Plaintiff for purposes of sexual gratification. In his deposition testimony, Defendant Howard denied having touched Plaintiff for purposes of sexual gratification, testified that he

9

"[doesn't] know" why he undertook the challenged conduct, and testified that his physical misconduct "was just a reaction." UMFs 9-10. The Court finds Defendant Howard's conclusory denials of having acted for purposes of sexual gratification insufficient when they are placed in the context of the undisputed conduct in this case and the record as a whole. Indeed, Defendant Howard admits a range of physical conduct that occurred while Plaintiff was a minor student and to which Plaintiff did not consent—including touching Plaintiff's upper thigh below her buttocks, giving Plaintiff shoulder massages, giving tight frontal hugs and touching her low back. *See* UMF 3, 5, 6. However, he offers no non-sexual explanation for this conduct, let alone one that the Court would be required to find credible as a matter of law. To the contrary, he concedes that some of this conduct was "inappropriate." *See* UMF 7. Given the nature of the conduct, the lack of an irrefutable non-sexual explanation, his admitted attraction to the female body shape and his repeated compliments/comments about Plaintiff's physical appearance, a jury would be perfectly reasonable finding that Defendant Howard acted for the purposes of sexual gratification.

In summary, on the record before the Court, the Court finds that there is a genuine factual dispute as to whether Defendant Howard abused his authority for purposes of his own sexual gratification. Accordingly, summary judgment on

Plaintiff's equal protection claim is improper at this juncture, and the parties' cross-motions for summary judgment should be denied.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiff T.R.'s Motion for Summary Judgment as to Defendant Patrick Howard for His Violations of Plaintiff's Rights to Substantive Due Process and Equal Protection Under the Law (*doc. 168*) is DENIED and Defendant Patrick Howard's Cross-Motion for Summary Judgment (*doc. 176*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**