IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

C.H.,

    Plaintiff,

v.                                                         Civ. No. 21-574 GBW/JHR

PATRICK HOWARD, *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court on Plaintiff C.H.'s Motion for Leave to File Plaintiff's Second Amended Complaint, to Reconsider Its Order Granting Defendant Howard's Cross-Motion for Judgment on the Pleadings as to Substantive Due Process (Doc. 172) (Doc. 240) and for Leave to Amend Plaintiff C.H.'s Pending Motion for Summary Judgment as to Defendant Patrick Howard for His Violations of Plaintiff's Rights to Substantive Due Process and Equal Protection Under the Law (Doc. 168).[1] *Doc. 242.* Having reviewed the parties briefing, *docs. 245,* 247, and being fully advised, the Court will DENY Plaintiff's Motion in its entirety.

---

[1] At the time Plaintiff filed the instant motion, Plaintiff's original Motion for Summary Judgment (*doc. 168*) was still pending. Given that the Court has since ruled on the Motion for Summary Judgment, *see doc. 244*, the Court interprets Plaintiff's request in the instant motion as a request to file a renewed motion for summary judgment with respect to the substantive due process claim against Defendant Howard.

I.  **BACKGROUND**

Plaintiff brings constitutional and tort claims against Defendant Howard based on acts of sexual misconduct committed by him against Plaintiff while Defendant Howard was a teacher at Las Cruces High School.[2]  Plaintiff commenced this litigation on June 23, 2021.  *See doc. 1*.  On October 28, 2021, the Honorable Stephan Vidmar set pretrial deadlines including a deadline of January 25, 2022 for Plaintiff to amend the pleadings or join additional parties.  *Doc. 34* at 2.  On January 25, 2022, Plaintiff filed an unopposed motion for leave to file an amended complaint which the Court granted, *see docs. 58, 61*, and Plaintiff filed her First Amended Complaint on January 28, 2022, *doc. 62*.  Although Defendant Howard failed to answer Plaintiff's First Amended Complaint in a timely manner, the Court conditionally granted Defendant Howard leave to file his answer on July 28, 2023.  *Doc. 240* at 28.

Also on July 28, 2023, the Court granted Defendant Patrick Howard's Cross-Motion for Judgment on the Pleadings and dismissed Plaintiff's claims against Defendant Howard for substantive due process, battery, and intentional infliction of emotional distress.  *See id*.  In the instant motion, filed on August 11, 2023, Plaintiff argues that she should be permitted to file a second amended complaint that includes additional pleadings about the manner and location of Defendant Howard's physical touching of Plaintiff in order to support her claim of substantive due process violations.

---

[2] Plaintiff also brings claims against Defendant Las Cruces Public Schools which are not relevant to the instant motion.

*Doc. 242* at 2-5.  She also moves the Court to reconsider its order dismissing Plaintiff's substantive due process claim against Defendant Howard, and she requests leave to file a renewed motion for summary judgment with respect to the substantive due process claim.  *Id.* at 5-17.  Defendant Howard filed his response on August 25, 2023.  *Doc. 245.*  Briefing was complete with the filing of Plaintiff's reply on September 5, 2023.  *Doc. 247.*

II.    LEGAL STANDARD

A motion to amend the complaint that is filed after the deadline set forth by the Court must satisfy both the Rule 15(a)(2) amendment standard and the Rule 16 good cause standard.  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).  Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts," *Gorsuch*, 771 F.3d at 1240, and the moving party "must provide an adequate explanation for any delay," *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  For example, an adequate explanation exists where "a [party] learns new information through discovery or if the underlying law has changed."  *Gorsuch*, 771 F.3d at 1240; *see also March v. Raabe*, 2023 WL 3092881, at *3 (D.N.M. Apr. 26, 2023) (granting motion for leave to amend where the plaintiff demonstrated diligence in seeking to amend the complaint with new evidence uncovered during discovery).  By contrast, there is no adequate explanation

3

where the movant "knew of the underlying conduct but simply failed to raise [her] claims." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citation omitted).

"Courts are 'afforded wide discretion' in their application of the good cause standard under Rule 16." *Vazirabadi v. Denver Pub. Schs.*, 820 F. App'x 805, 809 (10th Cir. 2020) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).  If the moving party lacks good cause to amend their pleadings after the scheduling order deadline, the Court need not consider the Rule 15(a) issue.  *Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) issue where plaintiffs failed to demonstrate good cause).

### III. ANALYSIS

**A. Plaintiff's Motion for Leave to File her Second Amended Complaint**

Plaintiff's motion to amend is denied on the basis that Plaintiff fails to show good cause for why the Court should amend the scheduling order deadlines and permit her to file a new complaint two years after the litigation was filed and approximately eighteen months after the deadline for amending the complaint passed.[3]  In particular, Plaintiff has not provided an adequate explanation for why she could not have moved to include the additions in her proposed second amended complaint in a more timely fashion.

---

[3] Plaintiff fails to present the argument for why she has good cause to amend her complaint until her reply brief.  *See docs. 242, 247*.  Although "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011), the Court will consider Plaintiff's reply brief arguments for the sake of reducing unnecessary briefing.

4

Plaintiff's proposed amended complaint includes three categories of additions. First, the proposed complaint includes a photograph of C.H. taken in August 2023 in which C.H. is demonstrating where on her body Defendant Howard touched her during an incident in Defendant Howard's classroom. *Doc. 242-1* ¶ 84. It alleges that the photo shows "[t]he area where C.H. felt Howard grabbing her during this incident was 'under my butt.'" *Id.* Second, the proposed complaint includes several allegations related to an eyewitness account by K.N., another student who saw the above-described incident where Defendant Howard inappropriately touched C.H. in his classroom. These allegations include: (1) a handwritten statement by K.N. in which she wrote that Defendant Howard "slapped [C.H.] on the butt"; (2) notes by Assistant Principal Ann Mora who, after interviewing K.N., wrote that Defendant Howard "hit [C.H.] on her bottom"; and (3) an interview transcript between a Las Cruces Police Department detective and K.N. in which K.N. states that Defendant Howard touched C.H. "between her butt and her thigh" in a location that was half on her buttocks and half on her hamstring. *Id.* ¶¶ 79-81. Third, the proposed amended complaint adds the statutory definition of criminal sexual contact of a minor, including that the criminal offense involves the "unlawful and intentional touching of or applying force to the intimate parts of a minor . . . [including the] buttocks . . . or breast." *Id.* ¶ 39. Plaintiff then alleges that the way Defendant Howard touched C.H.'s buttocks "meets the definition of criminal sexual contact of a minor." *Id.* ¶ 82.

Plaintiff's principal argument for why she has good cause to amend her pleadings at this stage in the litigation is that Plaintiff was not "aware" of the need to plead the additional facts until after Plaintiff read the Court's analysis in its order dismissing Plaintiff's substantive due process claim (*doc. 240*). *See doc. 247* at 4. In this order, the Court found that the proper standard for assessing Plaintiff's substantive due process claim was whether Defendant Howard's sexual misconduct "shocks the conscience of federal judges." *Doc. 240* at 16-17 (citing *Hernandez v. Ridley*, 734 F.3d 1254, 1261 (10th Cir. 2013)). The Court determined that, based on the case law, Defendant Howard's conduct did not meet the standard. *Id.* at 19-25. Although the Court assessed the totality of Defendant Howard's conduct toward C.H., one of the factors in the Court's decision was that Plaintiff did not allege that Defendant Howard directly touched one of Plaintiff's erogenous zones including the breast, buttocks, or anus. *Id.* at 23. Plaintiff now argues that she "thought she clearly had" pled facts alleging that Defendant Howard touched Plaintiff's buttocks but seeks to plead the above-described additional facts in order to "clear up this misunderstanding of the facts."[4] *Doc. 247* at 6.

---

[4] Plaintiff argues that she previously pled that Defendant Howard touched her buttocks because she "included an allegation stating that Howard pled guilty to battery for touching her on her buttocks." *Doc. 247* at 6. The Court specifically addressed this argument in its order dismissing Plaintiff's substantive due process claim when it noted that although "Defendant Howard pled guilty to a count of Battery for touching Plaintiff's buttocks, the First Amended Complaint does not contain any specific allegation asserting that Defendant Howard touched Plaintiff's buttocks on any particular occasion." *Doc. 240* at 21.

The Court disagrees that Plaintiff's desire to provide additional detail in light of the Court's analysis in its order dismissing Plaintiff's substantive due process claim is good cause to amend the pleadings. Plaintiff's constitutional and tort claims revolve entirely around the manner in which Defendant Howard sexually abused Plaintiff. It should not have come as a surprise that the precise details of how Defendant Howard touched Plaintiff as well as the locations of the touching were critical to Plaintiff's claims. As Plaintiff concedes, *doc. 247* at 10, the law regarding substantive due process claims in the sexual abuse context is well-established, and a quick look at the case law reveals that the relevant analysis is highly fact-specific and depends substantially on the details of how, how often, and where the victim was inappropriately touched. *See, e.g., Garrity v. Governance Bd. of Cariños Charter Sch.*, 2020 WL 5074385, at *3 (D.N.M. Aug. 27, 2020). As a result, Plaintiff cannot argue that she was not "aware" of the need to provide this detail. Indeed, Plaintiff's argument that the Court's analysis of her substantive due process claim prompted her awareness of the need to plead additional facts combined with Plaintiff's motion to reconsider the Court's dismissal of the substantive due process claim is more akin to an attempt to relitigate claims already adjudicated by the Court. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff also does not, and cannot, argue that the additional allegations in her proposed amended complaint are new facts that she was unable to include in her First

7

Amended Complaint. First, the allegation related to the picture of C.H. is not new. The picture indicates that, during the December 2017 incident in Defendant Howard's classroom, Defendant Howard touched C.H. on her upper thigh, under her buttocks. *Doc. 242-1* ¶ 84. This visual description precisely matches the written description that C.H. provided in her First Amended Complaint. *Doc. 62* ¶ 180 ("In December of 2017, Defendant Howard grabbed C.H. on the back of her upper thigh, under her buttocks, in his classroom."). Thus, this fact was both not newly discovered, but was actually previously pled. Second, the allegations related to K.N.'s descriptions of the event should have been well known to Plaintiff long before the instant attempt to amend her pleadings. The reports of K.N.'s account were recorded in January 2018 and would have been available to Plaintiff via basic discovery early in the litigation. *See doc. 242-1* ¶¶ 79-81. Notably, Plaintiff does not claim that these reports were belatedly disclosed or provide any other reasonable explanation for why she did not include K.N.'s eyewitness report in her First Amended Complaint.[5] *Husky Ventures, Inc.*, 911 F.3d at 1020.

---

[5] Although the Rule 16 good cause standard does not require the Court to undertake an analysis of whether the additional pleadings in Plaintiff's proposed complaint would be futile, the Court is unconvinced that the allegations about K.N.'s descriptions of the event would change the outcome of Plaintiff's substantive due process claim. First, it must be noted that K.N.'s description of contact to Plaintiff's buttocks contradicts Plaintiff's own consistently-repeated description on that material fact. There is nothing in the record which would explain why Plaintiff would not have been able to accurately perceive where she was touched such that a third-party's description would create a genuine dispute of fact. Second, even assuming that Defendant Howard's contact with C.H. on that occasion was half on her upper thigh and half on her buttocks, that single change of fact would not change the Court's conclusion under the "shocks the conscience" standard which requires a holistic view of Defendant Howard's misconduct toward C.H.

The third category of new allegations in Plaintiff's proposed amended complaint relates to whether Defendant Howard's conduct constituted criminal sexual contact of a minor. These allegations rely heavily on the additions of K.N.'s descriptions which the Court has found untimely. And, of course, comparisons to the state criminal code were available to Plaintiff throughout the litigation. Finally, to the extent that Plaintiff is implying otherwise, the Court notes that Defendant Howard pled guilty to simple battery as his conduct involved C.H. In fact, the factual basis provided by the prosecution at Defendant Howard's battery guilty plea was completely consistent with Plaintiff's recollection of being touched only below the buttocks. *Doc. 168-2* at 4 ("while CH walked by to leave the classroom, the defendant slapped her on the back of the legs, just under her buttocks").

In short, all of the allegations that Plaintiff seeks to add were known, or should have been known, to Plaintiff before the deadline for pleading amendments passed, and certainly long before the instant motion was filed. She should have known that these details were crucial to her claim well before the Court rejected them under established law. Thus, she fails to meet the "good cause" standard required for such amendments. Nonetheless, Plaintiff argues that she should be granted leave to amend her complaint at this stage in the litigation because it is unreasonable for Defendant Howard to object to Plaintiff's motion to amend on the basis of scheduling order deadlines given that the parties have agreed to amend the scheduling order "so many times." *Doc. 247* at 3. In

9

addition, Plaintiff points out that Defendant Howard was permitted to file his answer to Plaintiff's First Amended Complaint several months late. *Id.* at 2-3. Plaintiff fails to acknowledge, however, that the pleading amendment deadline is set by the Court and may only be altered at the Court's discretion. Fed. R. Civ. P. 16(b)(4). Additionally, whether or not Defendant Howard was permitted to file a late answer is irrelevant to whether Plaintiff can meet the good cause standard under Rule 16. When Defendant Howard moved to file a late answer, he was also required to meet the relevant standard for filing untimely pleadings. *See doc. 240* at 7-14. Importantly, the Court only permitted Defendant Howard to file a late answer because the parties had proceeded with the litigation as if there was an answer and so the filing of a late answer did not affect the progress of the case. *Id.* at 11-13. In fact, the Court prohibited him from adding a defense of qualified immunity in his late answer because the new defense would prejudice Plaintiff. *Id.* at 13. Similarly, Plaintiff is now required to meet the relevant legal standard for her request, a request which would materially impact the progress of the case, and she is unable to do so.

**B. Plaintiff's Motion to Reconsider and Motion to File a Renewed Motion for Summary Judgment**

Plaintiff next moves the Court to reconsider its order dismissing Plaintiff's substantive due process claim (*doc. 240*) and to permit Plaintiff to file a renewed motion for summary judgment on the substantive due process claim. *See doc. 242* at 7-17.

However, Plaintiff indicates that both motions are contingent on the Court permitting her to file a second amended complaint. *Id.* at 17 (Plaintiff moves the Court to reconsider "in light of the factual allegations made in Plaintiff's Second Amended Complaint" and moves for leave to file an amended motion for summary judgment "based on the factual dispute set forth in Plaintiff's Second Amended Complaint"). Because the Court is not granting Plaintiff leave to file a second amended complaint, there is no basis for the Court to reconsider its order or for permitting Plaintiff to file a renewed motion for summary judgment, and the Court will deny these motions.

### IV.   CONCLUSION

Based on the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint, for the Court to reconsider its order granting Defendant Howard judgment on the pleadings on Plaintiff's substantive due process claim, and for leave to file a renewed motion for summary judgment (*doc. 242*) is DENIED.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**